IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DUANE J. BROWN,

    Plaintiff,

v.                                                Civ. No. 14-1032 SCY/SMV

DARIEN D. BROWN, *et al.*,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO LIFT STAY

**THIS MATTER** is before the Court on Defendants' Motion to Lift Stay. Doc. 45. On April 27, 2015, the Court determined that it lacked subject-matter jurisdiction over Plaintiff Duane Brown's claims regarding the validity of his mother's will under the probate exception to federal jurisdiction. Doc. 24. As the Court explained in its ruling, the probate exception provides that claims seeking to (1) probate or annul a will, (2) administer a decedent's estate, or (3) "dispose of property that is in the custody of a state probate court" are within the exclusive jurisdiction of the state courts. Doc. 21 at 5 (citing *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006)). The probate exception does not, however, "bar federal courts from adjudicating matters outside these confines and otherwise within federal jurisdiction." *Id.* at 312. Having determined that it lacked jurisdiction over Plaintiff's claims concerning the validity of his mother's will, the Court stayed all proceedings as to Plaintiff's remaining claims pending the filing and resolution of a probate proceeding in state court regarding the validity of his mother's will. *See* Doc. 24. at 21.

Plaintiff proceeded to file a petition for adjudication of intestacy in the Eighth Judicial District Court for the State of New Mexico. *See In the Matter of Darline S. Brown*, No. D-818-PB-2015-00005. On June 6, 2017, the state court entered an order granting Plaintiff's petition,

finding that Plaintiff's mother died intestate because she was subject to undue influence at the time she signed her will. Doc. 42-1. The state court judge ordered the parties to provide lists of possible personal representatives and indicated that the directive to any appointed personal representative "will not include an equal split of the ranch, but a more fair an[d] equitable distribution with the majority of the estate going to [Defendant] Darien Brown for his years of service on the ranch, accumulated debt, care taking of Darline Brown, and other considerations." *Id*. at 9. On August 10, 2017, the state court entered an order appointing a special administrator and an assistant special administrator for the purpose of distributing the assets of the estate of Darline Brown. Doc. 49-1. The parties have since filed cross-appeals of the state court's ruling to the New Mexico Court of Appeals. Doc. 47.

Defendants now seek to lift the stay in this matter. Doc. 45. Plaintiff opposes lifting of the stay, arguing that the state court judge in the probate proceeding has jurisdiction over "all probate matters, including whether the property transfers of the ranch property are voidable and whether the revocation of trust is voidable . . . [and] whether the [mother's] Estate is liable for damages resulting from the assignment of Plaintiff's interest in the [s]tate [l]and [l]ease." Doc. 47 at 4. Given the overlap between the inter vivos transfers at issue in federal court and the probate matters at issue in state court, the Court recognizes the inefficiency in having these matters adjudicated in separate forums. The Supreme Court, however, has made it clear that, aside from the areas that fall within the probate exception, the federal court must resolve matters before it over which it retains jurisdiction:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. *But it does not bar federal courts from adjudicating matters outside these confines and otherwise within federal jurisdiction.*

2

*Marshall*, 547 U.S. at 311-12 (emphasis added); *See Mata v. Lynch*, 135 S. Ct. 2150, 2156 (2015) ("[W]hen a federal court has jurisdiction, it also has a 'virtually unflagging obligation … to exercise' that authority." (internal citation omitted)). The Court disagrees with Plaintiff that his remaining claims are before the state court. It is clear that the only matters before the state court concern the validity of Darline Brown's will and the administration of her estate now that the will has been found void. Plaintiff's remaining claims, including the validity of the inter vivos transfers, are not currently before the state court because these claims were *first* presented to this Court, months before Plaintiff instituted the probate action. Thus, *Marshall* requires the Court to retain jurisdiction over non-probate matters such as the inter vivos transfers at issue.

Plaintiff argues that a personal representative has the authority to void transfers of property under NMSA 1978, § 45-3-710 (1953). This statutory provision applies only "so far as necessary for the payment of unsecured debts of the decedent." *See* § 45-3-710. Thus, it does not provide a mechanism through which the inter vivos transfers at issue can be resolved as part of the state probate proceeding.

In sum, Plaintiff chose not to move to remand this matter to state court[1] and cannot now obtain the equivalent of remand by classifying non-probate matters as probate matters. Because Plaintiff's remaining claims are not subject to the probate exception and were properly before this Court before the probate proceeding was instituted, it is appropriate for this Court to lift the stay and adjudicate the merits of those claims. The Court will therefore grant Defendants' motion (Doc. 45). **IT IS HEREBY ORDERED** that the stay is lifted in this matter.

UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

---

[1] *See* Doc. 24 at n. 2.